# CIRCUIT COURT OF FAIRFAX COUNTY

Tysons II Development Co., L.P.

v.

Fairfax County
Board of Supervisors

July 7, 1997

Case No. (Law) 148688

BY JUDGE JANE MARUM ROUSH

This matter came on to be heard on May 9, 1997, on the defendant's "Motion to Strike Portions of Petitioner's Identification of Expert Witnesses." At the conclusion of the hearing, the Court took the matter under advisement. The Court has now had the opportunity fully to consider the briefs and the arguments of counsel. For the reasons stated below, the motion to strike is granted.

## Facts

The facts of the case may be briefly summarized. On December 29, 1995, this case was commenced when plaintiff, Tysons II Development Company Limited Partnership, filed a petition for correction of erroneous assessment against the Board of Supervisors of Fairfax County (the "County"). On May 20, 1996, the plaintiff filed an amended petition to reflect the transfer of the subject property to its affiliate, Tysons II Land Company, L.L.C. ("Tysons II" or the "taxpayer"). The amended petition alleges that in 1992 the County improperly assessed the fair market value of nine parcels of unimproved land located in Fairfax County for real estate tax purposes. Additionally, the amended petition claims that the County's 1995 supplement of the 1992 tax assessment was inequitable because it was not assessed in a uniform manner.

## Motion to Strike

The County filed a motion to strike portions of the taxpayer's expert witness designation of Clyde Pinkston and strike in their entirety the designations of T. Michael Scott, Mark Murphy, and Peter Rosen. The County claims that a prior court ruling in an earlier case involving the same parties, same parcels, same tax years, and same experts is binding on the parties in this case under the doctrine of the "law of the case." *See, H-L Land Improvement Venture et al. v. Fairfax County Supervisors*, Law No. 114770 (a nonsuit was taken in that case with respect to the parcels at issue in this case). In that case, this Court (by Judge Gerald B. Lee) ruled:

> Petitioners may not introduce as evidence at the trial of this case any testimony other [than] evidence related to the costs to develop the subject properties to a particular use or the income that could be derived from the sale or lease of such properties when developed for such use, including all evidence that relies on or is related to land to building ratios, ratios between leased office space and land, comparisons of rentals and building costs to land values, and rental rates and vacancy and absorptions rates for office space.

*H-L Land Improvement Venture et al. v. Fairfax County Supervisors*, Law No. 114770, Order of February 26, 1993. *See, Fruit Growers Express Co. v. City of Alexandria*, 216 Va. 602, 221 S.E.2d 156 (1976) (evidence of development costs and expected future income is speculative and inadmissible to establish fair market value of unimproved land).

The County maintains the Court should recognize Judge Lee's ruling as the "law of the case" and strike the portions of the expert designations that recite opinions and facts that would not be permissible under the earlier ruling. *See, Seinman v. Clinchfield Coal Corp.*, 121 Va. 611, 93 S.E. 684 (1917). Additionally, the County argues that the Court should strike the expert designations because they are deficient under Supreme Court of Virginia Rule 4:1(b)(4)(A)(i).

The taxpayer argues that the Court's ruling in Law No. 114770 is not binding because this case involves different parties and new issues. Further, the taxpayer asserts that its designations are sufficient and the subject matter of the designations is relevant to prove the proper fair market value of the parcels and the uniformity of their assessment. Finally, Tysons II contends that the County's objections are premature and should be raised at the time of trial.

The Court concludes that this Court's earlier ruling in Law No. 114770 is not binding as the law of the case. *See, e.g., Turner v. Wexler*, 242 Va. 124, 128 (1992). Nevertheless, the Court considers Judge Lee's prior ruling persuasive and in accord with the Virginia Supreme Court's holding in *Fruit Growers*.

Therefore, all testimony and other evidence related to the costs to develop the subject properties for "elevator office building" use and the rent or income that could be derived from such properties if they were so developed, including all evidence that relies on or is related to land to building ratios, ratios between leased office space and land comparisons of rents and building costs to land values, and rental rates and vacancy and absorption rates for office space during the relevant year will be excluded from the trial as speculative. Accordingly, the motion to strike those portions of the expert witness designation of Mr. Pinkston that concern such matters is granted. Similarly, the motion to strike entirely the designations of Messrs. Scott, Murphy, and Rosen is granted, inasmuch as those witnesses' testimony appears to relate entirely to inadmissible factors.